IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOMINIQUE MIRZA, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br> v.<br><br>IGNITE USA, LLC,<br><br>        Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Domonique Mirza ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action against Defendant Ignite USA, LLC ("Ignite" or "Defendant") for the manufacture and sale of Contigo® Kids Cleanable Water Bottles (hereinafter, the "Products"), all of which suffer from an identical design defect. Examples of the defective Products are pictured below:



2

2. The design defect causes the Products' clear silicone spout to detach, posing a sever choking hazard to children. This defect has rendered the Products unsuitable for their principal and intended purpose. Upon information and belief, the Products' defective nature spans across the Contigo® Kids Cleanable Water Bottles because they are all manufactured by one manufacturer and have essentially identical physical and functional characteristics, which utilize the same or similar components. Thus, the defect manifests itself equally in each Contigo® Kids Cleanable Water Bottle.

3. On August 27, 2019, Defendant issued a recall of the Products. Prior to the recall, Defendant had exclusive knowledge of the defect, which was not known to Plaintiff or Class Members.

4. But Defendant's recall is insufficient. It was designed so that Defendant could retain as much of its unlawful profits as possible while also providing as little benefits to purchasers as possible.

5. Notably, Defendant's recall provides for minimal notice to class members. Defendant does not appear to be contacting any known purchasers directly. Moreover, although Defendant's Products are sold at major retailers such as Walmart, Target, and Costco, neither Walmart nor Target's websites contain any information at all relating to the defect. And the recall is only mentioned on Costco's website by clicking on a "recall" link buried at the very bottom of the webpage in fine print.

6. Thus, notice of the recall fails to reach the hundreds of thousands – if not millions – of consumers who purchased Defendant's Products from various third-party retailers.

7. Even worse, Defendant has only offered to replace the lid on the Products. Defendant has not offered any form of monetary relief to purchasers.

8.  Defendant has known about the defective nature of the Products long before they issued the recall. Defendant has admitted that it received 149 reports of the spout detaching, including 18 reports of spouts ending up in children's mouths.

9.  Defendant sold the Products to unsuspecting consumers upon the affirmative misrepresentation and/or material omission that the Products were fit for their intended purpose. None of these customers would have purchased the Products had they known of this highly material fact.

10. With millions of of units sold at approximately $9 to $24 each, Defendant has profited enormously from its failure to timely disclose the product defect to purchasers.

11. As a direct result of Defendant's actions, Plaintiff and Class Members have suffered injury in fact, have been damaged, and have suffered a loss of money or property for having paid more money than they otherwise would have for a dangerous and defectively designed Product.

12. Plaintiff brings his claims against Defendant individually and on behalf of a class of all other similarly situated purchasers of the Products for breach of implied warranty, unjust enrichment, and violation of Pennsylvania's consumer protection laws.

## THE PARTIES

13. Plaintiff Dominique Mirza is a citizen of Pennsylvania who resides in East Stroudsburg, Pennsylvania. In approximately April of 2019, Plaintiff Mirza is a mother of young children and purchased two stainless steel Contigo® Kids Cleanable Water Bottles from a Target store in Pennsylvania. However, the Products Ms. Mirza purchased were not fit for use as water bottles due to the Products' defect. Ms. Mirza would not have bought the Products if she knew that the Products' clean silicone spout can detach, posing a severe choking hazard to her children. Plaintiff Mirza has been deprived of the use and enjoyment of her Contigo® Kids

4

Cleanable Water Bottle, which she has stopped using out of fear that it is not safe. Defendant's recall would not make Plaintiff Mirza whole because it would not compensate her for the lost use of the water bottle the interim period during which she would have to wait for a replacement lid or the inflated price that she paid for a water bottle that was unsafe.

14. Defendant Ignite USA, LLC an Illinois corporation with its principal place of business located at 180 North Lasalle Street, Chicago, IL 60601. Defendant Ignite USA, LLC markets and sells its Contigo® Kids Cleanable Water Bottles widely throughout the United States. Upon information and belief, Defendant has sold millions of these defective Products. Plaintiff reserves his right to amend this Complaint to add different or additional defendants, including, without limitation, any officer, director, employee, supplier, or distributor of Contigo® Kids Cleanable Water Bottles who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

## JURISDICTION AND VENUE

15. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant does business throughout this district and is headquartered in this District.

## CLASS ACTION ALLEGATIONS

17. Plaintiff seeks to represent a class defined as all persons in the United States who purchased a Contigo® Kids Cleanable Water Bottles subject to the August 27, 2019 CPSC Voluntary Recall (hereafter, the "Class").

18.     Plaintiff also seeks to represent a subclass of all Class members who purchased Contigo® Kids Cleanable Water Bottles in the State of Pennsylvania (hereafter, the "Pennsylvania Subclass").

19.     At this time, Plaintiff does not know the exact number of members of the aforementioned Class and Subclass ("Class Members" and "Subclass Members," respectively); however, given the nature of the claims and the number of retail stores in the United States selling Defendant's Products, Plaintiff believes that Class and Subclass Members are so numerous that joinder of all Members is impracticable.

20.     Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.  Common legal and factual questions include, but are not limited to:

(a)     whether Defendant misrepresented and/or failed to disclose material facts concerning the Products;

(b)     whether Defendant's representations, omissions, and/or conduct were likely to deceive consumers into believing that the Products operated properly;

(c)     whether Defendant has been unjustly enriched as a result of the unlawful conduct as alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon Defendant by Plaintiff and the Class;

(d)     whether Plaintiff and the Class sustained damages with respect to the claims asserted, and if so, the proper measure of their damages.

21.     Plaintiff's claims are typical of the claims of Class and Subclass Members because Plaintiff and all Class Members purchased a defective Contigo® Kids Cleanable Water Bottles under the representation and/or omission that it was fit to perform its stated purpose when, in fact, it was not.

6

22. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained counsel competent and experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

23. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class Members. Each individual Class Member may lack the resources to undergo the burden and expense of individual prosecution in the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
**(Breach of Implied Warranty of Merchantability)**

24. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

25. Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

26. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller impliedly warranted that the Products were fit for their intended purpose in that they would function properly.

27. Defendant breached the warranty implied in the contract for the sale of the Products in that they could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose in that they did not function properly due to their defective design and dangerous propensity to pose a choking hazard. As a result, Plaintiff and Class Members did not receive the goods as impliedly warranted by Defendant to be merchantable.

28. In reliance upon Defendant's skill and judgment and the implied warranties of fitness for the purpose, Plaintiff and Class Members purchased the Contigo® Kids Cleanable Water Bottles for use as water bottles.

29. The Products were not altered by Plaintiff and Class Members. They were defective when they left the exclusive control of Defendant.

30. Defendant knew the Products would be purchased and used without additional testing by Plaintiff and Class Members.

31. As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiff and Class members have been injured and harmed because: (a) they would not have purchased the Products on the same terms if the true facts concerning their defective nature and dangerous propensity to pose a choking hazard had been known; and (b) the Products did not perform as promised.

## COUNT II
**(Unjust Enrichment)**

32.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

33.     Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

34.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class Members' purchases of the Products.  Retention of those monies under these circumstances is unjust and inequitable because Defendant failed to disclose that the Products were unfit for use as water bottles.  Defendant's misrepresentations and/or material omissions caused injuries to Plaintiff and Class Members because they would not have purchased the Products if the true facts were known.

35.     Retention of those monies also is unjust and inequitable because, as alleged above, Defendant commenced an ineffective recall that was calculated to result in few returns and no refunds, thereby protecting profits Defendant collected from selling the defective products.

36.     Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and Class Members is unjust and inequitable, Defendant must pay restitution to Plaintiff and Class Members for its unjust enrichment, as ordered by the Court.

## COUNT III
**(Violation of Pennsylvania's Unfair Trade Practices
and Consumer Protection Law ("UTPCPL"),
73 PA. CONS. STAT. §§ 201-2, *et seq.*)**

37.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

9

38. Plaintiff brings this Count individually and on behalf of the members of the Class and Pennsylvania Subclass against Defendant.

39. Defendant is a "person" pursuant to the terms of Section 201-2(2) of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

40. The packaging, labeling and display possessed by Plaintiff Mirza and members of the Pennsylvania Subclass constitutes "documentary material" pursuant to the terms of Section 201-2(1) of the UTPCPL.

41. The Contigo® Kids Cleanable Water Bottles that were ultimately possessed by Plaintiff Mirza and members of the Pennsylvania Subclass were purchased for personal purposes.

42. Defendant's advertising, offering for sale, sale, or distribution of Contigo® Kids Cleanable Water Bottles constitutes "trade" or "commerce" as defined by Section 201-2(3) of the UTPCPL.

43. Defendant violated implied warranties in the labeling and displaying of Contigo® Kids Cleanable Water Bottles that were ultimately possessed by Plaintiff Mirza and members of the Pennsylvania Subclass.

44. Defendant's actions at issue in this litigation constitute "unfair methods of competition" and "unfair or deceptive acts of practices" pursuant to Sections 201-2(4)(v), (vii), (xiv) and (xxi) of the UTPCPL.

45. The aforesaid actions of Defendant referenced above constitutes unlawful actions proscribed by Section 201-3 of the UTPCPL.

46. As a direct and proximate cause of the aforementioned unlawful actions of Defendant, Plaintiff Mirza and members of the Pennsylvania Subclass have suffered economic loss.

47. Pursuant to Section 201-9.2 of the UTPCPL, Plaintiff Mirza and members of the Pennsylvania Subclass are entitled to a judgment in an amount up to three times the actual damages sustained, but not less than One Hundred Dollars ($100.00), and the Court may provide such additional relief as it deems necessary and proper, including punitive damages.

48. In addition, Plaintiff Mirza is entitled to reimbursement for all reasonable attorneys' fees and costs incurred as a result of bringing this action pursuant to Section 201-9.2 of the UTPCPL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

    a. For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass Members;

    b. For an order declaring the Defendant's conduct violates the statutes referenced herein;

    c. For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on all counts asserted herein;

    d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

    e. For prejudgment interest on all amounts awarded;

    f. For an order of restitution and all other forms of equitable monetary relief;

    g. For an order awarding Plaintiff and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable in this action.

Dated: August 29, 2019

        **CARLSON LYNCH LLP**

        *By:  /s/ Katrina Carroll*
            Katrina Carroll

        Katrina Carroll
        111 W. Washington Street, Suite 1240
        Chicago, IL 60602
        Telephone: 312.750.1265
        E-Mail: kcarroll@carlsonlynch.com

        **BURSOR & FISHER, P.A**
        Scott A. Bursor (*pro hac vice* forthcoming)
        Alec M. Leslie (*pro hac vice* forthcoming)
        888 Seventh Avenue
        New York, NY 10019
        Telephone: (646) 837-7150
        Facsimile: (212) 989-9163
        Email:  scott@bursor.com
                  aleslie@bursor.com

        *Counsel for Plaintiff*