**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DOMINIQUE MIRZA and TARA LUCHETTI, individually and on behalf of all others similarly situated,<br><br>                         Plaintiff,<br><br>    v.<br><br>IGNITE USA, LLC,<br><br>                      Defendant. | Civil Action No. 1:19-cv-05836<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Domonique Mirza and Tara Luchetti ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys, make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to allegations specifically pertaining to themselves and their counsel, which are based on personal knowledge.

## NATURE OF THE ACTION

1.     This is a class action against Defendant Ignite USA, LLC ("Ignite" or "Defendant") for the manufacture and sale of Contigo® Kids Cleanable Water Bottles (hereinafter, the "Products"), all of which suffer from an identical design defect. Examples of the defective Products are pictured below:



2.     The Products are marketed and sold as water bottles for kids.  Unfortunately for consumers, the design defect causes the Products' clear silicone spout to detach, posing a severe choking hazard to children.  Thus, this defect has rendered the Products unsuitable for their principal and intended purpose.  Upon information and belief, the Products' defective nature spans across the Contigo® Kids Cleanable Water Bottles because they are all manufactured by one manufacturer and have essentially identical physical and functional characteristics, which utilize the same or similar components.  Thus, the defect manifests itself equally in each Contigo® Kids Cleanable Water Bottle.

3.      On August 27, 2019, Defendant issued a recall of the Products.  Prior to the recall, Defendant had exclusive knowledge of the defect, which was not known to Plaintiffs or Class Members.

4.     But Defendant's recall is insufficient.  It was designed so that Defendant could retain as much of its unlawful profits as possible while also providing as little benefits to purchasers as possible.

5.     Notably, Defendant's recall provides for minimal notice to class members.  Defendant does not appear to be contacting any known purchasers directly.  Moreover, although Defendant's Products are sold at major retailers such as Walmart, Target, and Costco, neither Walmart nor Target's websites contain any information at all relating to the defect.  And the recall is only mentioned on Costco's website by clicking on a "recall" link buried at the very bottom of the webpage in fine print.

6.     Thus, notice of the recall fails to reach the hundreds of thousands – if not millions – of consumers who purchased Defendant's Products from various third-party retailers.

7.     Even worse, Defendant has only offered to replace the lid on the Products.  Defendant has not offered any form of monetary relief to purchasers.

8.     Defendant has known about the defective nature of the Products long before they issued the recall, and well before Plaintiffs purchased the Products.  Defendant has admitted that it received 149 reports of the spout detaching, including 18 reports of spouts ending up in children's mouths.

9.     Defendant sold the Products to unsuspecting consumers upon the affirmative misrepresentation and/or material omission that the Products were fit for their intended purpose as water bottles safe for children to use.  None of these customers would have purchased the Products had they known of this highly material fact that the Products' spout is prone to detachment, thus posing a severe choking hazard to children.

10.     With millions of of units sold at approximately $9 to $24 each, Defendant has profited enormously from its failure to timely disclose the product defect to purchasers.

11.     As a direct result of Defendant's actions, Plaintiffs and Class Members have suffered injury in fact, have been damaged, and have suffered a loss of money or property for having paid more money than they otherwise would have for a dangerous and defectively designed Product.

12.     Plaintiffs bring their claims against Defendant individually and on behalf of a class of all other similarly situated purchasers of the Products for breach of implied warranty, unjust enrichment, and violation of Pennsylvania and New York's consumer protection laws.

## THE PARTIES

13.     Plaintiff Dominique Mirza is a citizen of Pennsylvania who resides in East Stroudsburg, Pennsylvania.  Ms. Mirza is a mother of young children and in approximately April of 2019, Ms. Mirza purchased two stainless steel Contigo® Kids Cleanable Water Bottles from a Target store in Pennsylvania.  The Contigo® Kids Cleanable Water Bottles purchased by Ms. Mirza are among the Products included in Defendant's recall.  Prior to purchasing the Product,

Ms. Mirza saw and relied on the "Contigo Kids" representation on the Product's packaging. Ms. Mirza understood this representation as an implied warranty that the Product was safe for her children to use. The Products Ms. Mirza purchased were not fit for use as children's water bottles due to the Products' defect, which manifested while using the Product. Indeed, the Product's clear silicone spout detached from the Product into Ms. Mirza's young child's mouth, posing a severe choking hazard. Ms. Mirza would not have bought Defendant's Products if she knew that the Products' clear silicone spout can detach, posing a severe choking hazard to her children. Plaintiff Mirza has also suffered injury because she has been deprived of the use and enjoyment of her Contigo® Kids Cleanable Water Bottle, which she has stopped using out of fear that it is not safe. Defendant's recall would not make Plaintiff Mirza whole because it would not compensate her for the lost use of the water bottle in the interim period during which she would have to wait for a replacement lid, or for the inflated price that she paid for a water bottle designed for children that was actually unsafe for children to use.

14.     Plaintiff Tara Luchetti is a citizen of New York who resides in East Rochester, New York. Ms. Luchetti is a mother of a young child and in October of 2018, Ms. Luchetti purchased a Contigo® Kids Cleanable Water Bottle from a Target store in Penfield, New York. The Contigo® Kids Cleanable Water Bottle purchased by Ms. Luchetti is among the Products included in Defendant's recall. Prior to purchasing the Product, Ms. Luchetti saw and relied on the "Contigo Kids" representation on the Product's packaging. Ms. Luchetti understood this representation as an implied warranty that the Product was safe for her child to use. The Product Ms. Luchetti purchased was not fit for use as a children's water bottle due to the Product's defect, which manifested shortly after she purchased the Product. Indeed, the Product's clear silicone spout detached from the Product, posing a choking hazard to her child. Ms. Luchetti would not have bought the Product if she knew that the Product's clear silicone spout can detach,

posing a severe choking hazard to her child. Plaintiff Luchetti has also suffered injury because she has been deprived of the use and enjoyment of her Contigo® Kids Cleanable Water Bottle, which she has stopped using out of fear that it is not safe. Defendant's recall would not make Plaintiff Luchetti whole because it would not compensate her for the lost use of the water bottle in the interim period during which she would have to wait for a replacement lid, or for the inflated price that she paid for a water bottle designed for children that was actually unsafe for children to use.

15.     Defendant Ignite USA, LLC an Illinois corporation with its principal place of business located at 180 North Lasalle Street, Chicago, IL 60601. Defendant Ignite USA, LLC markets and sells its Contigo® Kids Cleanable Water Bottles widely throughout the United States. Upon information and belief, Defendant has sold millions of these defective Products. Plaintiff reserves his right to amend this Complaint to add different or additional defendants, including, without limitation, any officer, director, employee, supplier, or distributor of Contigo® Kids Cleanable Water Bottles who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

## JURISDICTION AND VENUE

16.     This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant.

17.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant does business throughout this district and is headquartered in this District.

## CLASS ACTION ALLEGATIONS

18.     Plaintiffs seek to represent a class defined as all persons in the United States who purchased a Contigo® Kids Cleanable Water Bottles subject to the August 27, 2019 CPSC Voluntary Recall (hereafter, the "Class").

19.     Plaintiff Mirza also seeks to represent a subclass of all Class members who purchased Contigo® Kids Cleanable Water Bottles subject to the August 27, 2019 CPSC Voluntary Recall in the State of Pennsylvania (hereafter, the "Pennsylvania Subclass").

20.     Plaintiff Luchetti also seeks to represent a subclass of all Class members who purchased Contigo® Kids Cleanable Water Bottles subject to the August 27, 2019 CPSC Voluntary Recall in the State of New York (hereafter, the "New York Subclass").

21.     At this time, Plaintiffs do not know the exact number of members of the aforementioned Class and Subclass ("Class Members" and "Subclass Members," respectively); however, given the nature of the claims and the number of retail stores in the United States selling Defendant's Products, Plaintiffs believe that Class and Subclass Members are so numerous that joinder of all Members is impracticable.

22.     Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.  Common legal and factual questions include, but are not limited to:

        (a)     whether Defendant misrepresented and/or failed to disclose material facts concerning the Products;

        (b)     whether Defendant's representations, omissions, and/or conduct were likely to deceive consumers into believing that the Products operated properly;

(c)     whether Defendant has been unjustly enriched as a result of the unlawful conduct as alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon Defendant by Plaintiffs and the Class;

(d)     whether Plaintiffs and the Class sustained damages with respect to the claims asserted, and if so, the proper measure of their damages.

23.     Plaintiffs' claims are typical of the claims of Class and Subclass Members because Plaintiffs and all Class Members purchased a defective Contigo® Kids Cleanable Water Bottles under the representation and/or omission that it was fit to perform its stated purpose when, in fact, it was not.

24.     Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class Members they seek to represent, they have retained counsel competent and experienced in prosecuting class actions, and they intend to prosecute this action vigorously.  The interests of Class Members will be fairly and adequately protected by Plaintiffs and their counsel.

25.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and Class Members.  Each individual Class Member may lack the resources to undergo the burden and expense of individual prosecution in the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of

Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**(Breach of Implied Warranty of Merchantability)**

26.     Plaintiffs repeat the allegations contained in the foregoing paragraphs as if fully set forth herein.

27.     Plaintiffs bring this claim individually and on behalf of the members of the Class and Subclass against Defendant.

28.     Defendant, as the designer, manufacturer, marketer, distributor, and/or seller impliedly warranted that the Products were fit for their intended purpose in that they would function properly.  Defendant, through the Products' "Contigo Kids" representation on the Products' labeling, also impliedly warranted that the Products were safe for children to use.

29.     Defendant breached the warranty implied in the contract for the sale of the Products in that they could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose in that they did not function properly due to their defective design and dangerous propensity to pose a choking hazard.  As a result, Plaintiffs and Class Members did not receive the goods as impliedly warranted by Defendant to be merchantable.

30.     In reliance upon Defendant's skill and judgment and the implied warranties of fitness for the purpose, Plaintiffs and Class Members purchased the Contigo® Kids Cleanable Water Bottles for use as water bottles.

31.     The Products were not altered by Plaintiffs and Class Members.  They were defective when they left the exclusive control of Defendant.

32.    Defendant knew the Products would be purchased and used without additional testing by Plaintiffs and Class Members.

33.    As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiffs and Class members have been injured and harmed because: (a) they would not have purchased the Products on the same terms if the true facts concerning their defective nature and dangerous propensity to pose a choking hazard had been known; and (b) the Products did not perform as promised.

## COUNT II
### (Unjust Enrichment)

34.    Plaintiffs repeat the allegations contained in the foregoing paragraphs as if fully set forth herein.

35.    Plaintiffs bring this claim individually and on behalf of the members of the Class and Subclass against Defendant.

36.    Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs and Class Members' purchases of the Products.  Retention of those monies under these circumstances is unjust and inequitable because Defendant failed to disclose that the Products were unfit for use as water bottles.  Defendant's misrepresentations and/or material omissions caused injuries to Plaintiffs and Class Members because they would not have purchased the Products if the true facts were known.

37.    Retention of those monies also is unjust and inequitable because, as alleged above, Defendant commenced an ineffective recall that was calculated to result in few returns and no refunds, thereby protecting profits Defendant collected from selling the defective products.

38.     Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiffs and Class Members is unjust and inequitable, Defendant must pay restitution to Plaintiffs and Class Members for its unjust enrichment, as ordered by the Court.

**COUNT III**
**(Violation of Pennsylvania's Unfair Trade Practices**
**and Consumer Protection Law ("UTPCPL"),**
**73 PA. CONS. STAT. §§ 201-2, *et seq.*)**

39.     Plaintiff Mirza repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

40.     Plaintiff Mirza brings this Count individually and on behalf of the members of the Class and Pennsylvania Subclass against Defendant.

41.     Defendant is a "person" pursuant to the terms of Section 201-2(2) of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

42.     The packaging, labeling and display possessed by Plaintiff Mirza and members of the Pennsylvania Subclass constitutes "documentary material" pursuant to the terms of Section 201-2(1) of the UTPCPL.

43.     The Contigo® Kids Cleanable Water Bottles that were ultimately possessed by Plaintiff Mirza and members of the Pennsylvania Subclass were purchased for personal purposes.

44.     Defendant's advertising, offering for sale, sale, or distribution of Contigo® Kids Cleanable Water Bottles constitutes "trade" or "commerce" as defined by Section 201-2(3) of the UTPCPL.

45.     Defendant violated implied warranties in the labeling and displaying of Contigo® Kids Cleanable Water Bottles that were ultimately possessed by Plaintiff Mirza and members of the Pennsylvania Subclass.  Specifically, Defendant's "Contigo Kids" representation on the

11

Products' packaging impliedly warranted that the Products were safe for children to use. Moreover, Defendant also omitted from Plaintiff and members of the Pennsylvania Subclass that the Products were defective and therefore unsafe for children to use.

46.     Defendant's actions at issue in this litigation constitute "unfair methods of competition" and "unfair or deceptive acts or practices" pursuant to Sections 201-2(4)(v), (vii), (xiv) and (xxi) of the UTPCPL.

47.     The aforesaid actions of Defendant referenced above constitutes unlawful actions proscribed by Section 201-3 of the UTPCPL.

48.     As a direct and proximate cause of the aforementioned unlawful actions and omissions of Defendant, Plaintiff Mirza and members of the Pennsylvania Subclass have suffered economic loss.

49.     Pursuant to Section 201-9.2 of the UTPCPL, Plaintiff Mirza and members of the Pennsylvania Subclass are entitled to a judgment in an amount up to three times the actual damages sustained, but not less than one hundred dollars ($100.00), and the Court may provide such additional relief as it deems necessary and proper, including punitive damages.

50.     In addition, Plaintiff Mirza is entitled to reimbursement for all reasonable attorneys' fees and costs incurred as a result of bringing this action pursuant to Section 201-9.2 of the UTPCPL.

## COUNT IV
### (Violation of New York G.B.L. § 349)

51.     Plaintiff Luchetti repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

52.     Plaintiff Luchetti brings this claim individually and on behalf of the members of the Class and New York Subclass against Defendant.

53.     By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by misrepresenting through its "Contigo Kids" representation on the Products' labeling that its Products were safe for children to use, and also by omitting material facts about the defective and unsafe nature of the Products.

54.     The foregoing deceptive acts and practices were directed at consumers.

55.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics of the Products to induce consumers to purchase same.  Moreover, had the omitted information been disclosed, Plaintiff Luchetti would have been aware of it and not purchased the Product.

56.     Plaintiff Luchetti and New York Subclass members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased the Products on the same terms if the true facts concerning their defective nature and that they are unsafe for children to use had been known; (b) the Products did not perform as promised, and (c) they overpaid for the Products because they were sold a price premium on account of the misrepresentations and/or omissions.  As a result, Plaintiff Luchetti and members of the New York Subclass have been damaged either in the full amount of the purchase price of the Products or in the difference in value between the Products as warranted and the Products as actually sold.

57.     On behalf of herself and other members of the New York Subclass, Plaintiff Luchetti seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## <u>COUNT V</u>
### (Violation of New York GBL § 350)

58.     Plaintiff Luchetti repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

59.     Plaintiff Luchetti brings this claim individually and on behalf of the members of the Class and New York Subclass against Defendant.

60.     Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting the nature of the Products.  Specifically, Defendant's "Contigo Kids" representation on the Products' packaging misrepresents that the Products are safe for children to use, when in fact they are not.

61.     The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.  Indeed, prior to purchase, Ms. Luchetti read the "Contigo Kids" representation on the Product's packaging, relied on this material representation, and understood it to mean that the Product was safe for children to use.

62.     This misrepresentation has resulted in consumer injury or harm to the public interest.

63.     Plaintiff and New York Subclass members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased the Products on the same terms if the true facts concerning their defective nature and that they are unsafe for children to use had been known; (b) the Products did not perform as promised, and (c) they overpaid for the Products because they were sold a price premium on account of the misrepresentations on the Products' packaging.  As a result, Plaintiff Luchetti and members of the New York Subclass have been damaged either in the full amount of the purchase price of the Products or in the

difference in value between the Products as warranted and the Products as actually sold.

64.    On behalf of herself and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or five hundred dollars per violation, whichever is greater, three times actual damages and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

a.    For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representative of the Class and Subclass and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass Members;

b.    For an order declaring the Defendant's conduct violates the statutes referenced herein;

c.    For an order finding in favor of Plaintiffs, the nationwide Class, and the Subclasses on all counts asserted herein;

d.    For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e.    For prejudgment interest on all amounts awarded;

f.    For an order of restitution and all other forms of equitable monetary relief;

g.    For an order awarding Plaintiffs and the Class and Subclasses their reasonable attorneys' fees and expenses and costs of suit.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all claims so triable in this action.

Dated:  October 29, 2019

**CARLSON LYNCH LLP**

By:      */s/ Katrina Carroll*
          Katrina Carroll

Katrina Carroll
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: 312.750.1265
E-Mail: kcarroll@carlsonlynch.com

**BURSOR & FISHER, P.A**
Scott A. Bursor (*pro hac vice* forthcoming)
Alec M. Leslie (*pro hac vice* forthcoming)
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email:  scott@bursor.com
       aleslie@bursor.com

*Counsel for Plaintiffs*