## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

|  |  |
|---|---|
| **DOMINIQUE MIRZA and TARA LUCHETTI, individually and on behalf of all others similarly situated,** | |
| **Plaintiffs,** | **Case No. 1:19-cv-05836** |
| | **The Honorable Charles P. Kocoras** |
| **v.** | |
| **IGNITE USA, LLC,** | |
| **Defendant.** | |

### DEFENDANT IGNITE USA, LLC'S ANSWER TO
### FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Ignite, USA, LLC ("Ignite") hereby answers Plaintiffs Dominique Mirza and

Tara Luchetti's ("Plaintiffs") First Amended Class Action Complaint ("Complaint"), filed on

October 29, 2019 (Dkt. No. 17), as follows:

### NATURE OF ACTION

1.      This is a class action against Defendant Ignite USA, LLC ("Ignite" or "Defendant") for the manufacture and sale of Contigo® Kids Cleanable Water Bottles (hereinafter, the "Products"), all of which suffer from an identical design defect. Examples of the defective Products are pictured below:

 



**ANSWER TO 1.** Ignite admits that Plaintiffs purport to bring this action as a class action, but denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action. Ignite denies all other allegations of paragraph 1.

2. The Products are marketed and sold as water bottles for kids. Unfortunately for consumers, the design defect causes the Products' clear silicone spout to detach, posing a severe choking hazard to children. Thus, this defect has rendered the Products unsuitable for their principal and intended purpose. Upon information and belief, the Products' defective nature spans across the Contigo® Kids Cleanable Water Bottles because they are all manufactured by one manufacturer and have essentially identical physical and functional characteristics, which utilize the same or similar components. Thus, the defect manifests itself equally in each Contigo® Kids Cleanable Water Bottle.

**ANSWER TO 2.** Ignite admits that Contigo Kids Cleanable Water Bottles (the "Products") are, in part, marketed and sold as water bottles for use by children. Ignite denies all other allegations of paragraph 2.

2

3.      On August 27, 2019, Defendant issued a recall of the Products.  Prior to the recall, Defendant had exclusive knowledge of the defect, which was not known to Plaintiffs or Class Members.

**ANSWER TO 3.**      Ignite admits that it issued a recall of certain Contigo Kids Cleanable Water Bottles in August 2019. Ignite denies all other allegations in paragraph 3.

4.      But Defendant's recall is insufficient.  It was designed so that Defendant could retain as much of its unlawful profits as possible while also providing as little benefits to purchasers as possible.

**ANSWER TO 4.**      Ignite denies the allegations in paragraph 4.

5.      Notably, Defendant's recall provides for minimal notice to class members. Defendant does not appear to be contacting any known purchasers directly.  Moreover, although Defendant's Products are sold at major retailers such as Walmart, Target, and Costco, neither Walmart nor Target's websites contain any information at all relating to the defect.  And the recall is only mentioned on Costco's website by clicking on a "recall" link buried at the very bottom of the webpage in fine print.

**ANSWER TO 5.**      Ignite admits that the Products were sold from time to time at Walmart, Target, and Costco stores. Ignite denies all other allegations in paragraph 5.

6.      Thus, notice of the recall fails to reach the hundreds of thousands – if not millions – of consumers who purchased Defendant's Products from various third-party retailers.

**ANSWER TO 6.**      Ignite denies the allegations in paragraph 6.

7.      Even worse, Defendant has only offered to replace the lid on the Products. Defendant has not offered any form of monetary relief to purchasers.

**ANSWER TO 7.**      Ignite admits that, as part of the recall of the Products, Ignite has offered to replace the Product with water bottles that utilizes a different lid than that which is incorporated into the Product.  Ignite denies all other allegations in paragraph 7.

8.      Defendant has known about the defective nature of the Products long before they issued the recall, and well before Plaintiffs purchased the Products.  Defendant has admitted that it received 149 reports of the spout detaching, including 18 reports of spouts ending up in children's mouths.

**ANSWER TO 8.** Ignite admits that as of August 27, 2019, Ignite had received 149 reports of the spout detaching including, 18 spouts found in children's mouths. Ignite denies all other allegations in paragraph 8.

9. Defendant sold the Products to unsuspecting consumers upon the affirmative misrepresentation and/or material omission that the Products were fit for their intended purpose as water bottles safe for children to use. None of these customers would have purchased the Products had they known of this highly material fact that the Products' spout is prone to detachment, thus posing a severe choking hazard to children.

**ANSWER TO 9.** Ignite denies the allegations in paragraph 9.

10. With millions of units sold at approximately $9 to $24 each, Defendant has profited enormously from its failure to timely disclose the product defect to purchasers.

**ANSWER TO 10.** Ignite denies the allegations in paragraph 10.

11. As a direct result of Defendant's actions, Plaintiffs and Class Members have suffered injury in fact, have been damaged, and have suffered a loss of money or property for having paid more money than they otherwise would have for a dangerous and defectively designed Product.

**ANSWER TO 11.** Ignite denies the allegations in paragraph 11.

12. Plaintiffs bring their claims against Defendant individually and on behalf of a class of all other similarly situated purchasers of the Products for breach of implied warranty, unjust enrichment, and violation of Pennsylvania and New York's consumer protection laws.

**ANSWER TO 12.** Ignite admits that Plaintiffs purport to bring claims against Ignite individually and on behalf of a class. Ignite denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action. To the extent that the allegations in paragraph 12 are based on causes of action or claims that were previously dismissed by the Court on February 12, 2020, Ignite makes no answer to such allegations.

## THE PARTIES

13. Plaintiff Dominique Mirza is a citizen of Pennsylvania who resides in East Stroudsburg, Pennsylvania. Ms. Mirza is a mother of young children and in approximately April of 2019, Ms. Mirza purchased two stainless steel Contigo® Kids Cleanable Water Bottles from a

4

Target store in Pennsylvania. The Contigo® Kids Cleanable Water Bottles purchased by Ms. Mirza are among the Products included in Defendant's recall. Prior to purchasing the Product, Ms. Mirza saw and relied on the "Contigo Kids" representation on the Product's packaging. Ms. Mirza understood this representation as an implied warranty that the Product was safe for her children to use. The Products Ms. Mirza purchased were not fit for use as children's water bottles due to the Products' defect, which manifested while using the Product. Indeed, the Product's clear silicone spout detached from the Product into Ms. Mirza's young child's mouth, posing a severe choking hazard. Ms. Mirza would not have bought Defendant's Products if she knew that the Products' clear silicone spout can detach, posing a severe choking hazard to her children. Plaintiff Mirza has also suffered injury because she has been deprived of the use and enjoyment of her Contigo® Kids Cleanable Water Bottle, which she has stopped using out of fear that it is not safe. Defendant's recall would not make Plaintiff Mirza whole because it would not compensate her for the lost use of the water bottle in the interim period during which she would have to wait for a replacement lid, or for the inflated price that she paid for a water bottle designed for children that was actually unsafe for children to use.

      **ANSWER TO 13.** Ignite denies that the Products generally are not fit for use as a children's water bottle. As to the remaining allegations in paragraph 13, Ignite is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

      14.    Plaintiff Tara Luchetti is a citizen of New York who resides in East Rochester, New York. Ms. Luchetti is a mother of a young child and in October of 2018, Ms. Luchetti purchased a Contigo® Kids Cleanable Water Bottle from a Target store in Penfield, New York. The Contigo® Kids Cleanable Water Bottle purchased by Ms. Luchetti is among the Products included in Defendant's recall. Prior to purchasing the Product, Ms. Luchetti saw and relied on the "Contigo Kids" representation on the Product's packaging. Ms. Luchetti understood this representation as an implied warranty that the Product was safe for her child to use. The Product Ms. Luchetti purchased was not fit for use as a children's water bottle due to the Product's defect, which manifested shortly after she purchased the Product. Indeed, the Product's clear silicone spout detached from the Product, posing a choking hazard to her child. Ms. Luchetti would not have bought the Product if she knew that the Product's clear silicone spout can detach, posing a severe choking hazard to her child. Plaintiff Luchetti has also suffered injury because she has been deprived of the use and enjoyment of her Contigo® Kids Cleanable Water Bottle, which she has stopped using out of fear that it is not safe. Defendant's recall would not make Plaintiff Luchetti whole because it would not compensate her for the lost use of the water bottle in the interim period during which she would have to wait for a replacement lid, or for the inflated price that she paid for a water bottle designed for children that was actually unsafe for children to use.

      **ANSWER TO 14.** Ignite denies that the Products generally are not fit for use as a children's water bottle. As to the remaining allegations in paragraph 14, Ignite is without

knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

15.     Defendant Ignite USA, LLC an Illinois corporation with its principal place of business located at 180 North Lasalle Street, Chicago, IL 60601.  Defendant Ignite USA, LLC markets and sells its Contigo® Kids Cleanable Water Bottles widely throughout the United States.  Upon information and belief, Defendant has sold millions of these defective Products.  Plaintiff reserves his right to amend this Complaint to add different or additional defendants, including, without limitation, any officer, director, employee, supplier, or distributor of Contigo® Kids Cleanable Water Bottles who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

**ANSWER TO 15.**     Ignite admits that it is an Illinois corporation with its principal place of business located in Chicago, Illinois. Ignite further admits that it markets and sells Contigo® Kids Cleanable Water Bottles in the United States.  As to the remaining allegations in paragraph 15, Ignite is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

## JURISDICTION AND VENUE

16.     This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant.

**ANSWER TO 16.**     The allegations in paragraph 16 state legal conclusions to which no response is required. To the extent an answer is required, Ignite is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 16, and on that basis, denies those allegations, with the exception that Ignite admits that Plaintiffs allege that this Court has jurisdiction by virtue of 28 U.S.C. § 1332(d).

17.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant does business throughout this district and is headquartered in this District.

**ANSWER TO 17.**     Ignite admits that to the extent this Court has jurisdiction of this matter, venue is proper in this judicial district.

## CLASS ACTION ALLEGATIONS

18.     Plaintiffs seek to represent a class defined as all persons in the United States who purchased a Contigo® Kids Cleanable Water Bottles subject to the August 27, 2019 CPSC Voluntary Recall (hereafter, the "Class").

**ANSWER TO 18.**     Ignite admits that Plaintiffs purport to bring this action as a class action, but denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action. Ignite denies all other allegations of paragraph 18.

19.     Plaintiff Mirza also seeks to represent a subclass of all Class members who purchased Contigo® Kids Cleanable Water Bottles subject to the August 27, 2019 CPSC Voluntary Recall in the State of Pennsylvania (hereafter, the "Pennsylvania Subclass").

**ANSWER TO 19.**     Ignite admits that Plaintiff Mirza purports to also represent a Pennsylvania Subclass, but denies that class treatment is appropriate in this action, and denies the remaining allegations in paragraph 19.

20.     Plaintiff Luchetti also seeks to represent a subclass of all Class members who purchased Contigo® Kids Cleanable Water Bottles subject to the August 27, 2019 CPSC Voluntary Recall in the State of New York (hereafter, the "New York Subclass").

**ANSWER TO 20.**     Ignite admits that Plaintiff Luchetti purports to represent a New York Subclass, but denies that class treatment is appropriate in this action, and denies the remaining allegations in paragraph 20.

21.     At this time, Plaintiffs do not know the exact number of members of the aforementioned Class and Subclass ("Class Members" and "Subclass Members," respectively); however, given the nature of the claims and the number of retail stores in the United States selling Defendant's Products, Plaintiffs believe that Class and Subclass Members are so numerous that joinder of all Members is impracticable.

**ANSWER TO 21.**     Ignite denies the allegations in paragraph 21.

22.     Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.  Common legal and factual questions include, but are not limited to:

7

(a)      whether Defendant misrepresented and/or failed to disclose material facts concerning the Products;

(b)      whether Defendant's representations, omissions, and/or conduct were likely to deceive consumers into believing that the Products operated properly;

(c)      whether Defendant has been unjustly enriched as a result of the unlawful conduct as alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon Defendant by Plaintiffs and the Class;

(d)      whether Plaintiffs and the Class sustained damages with respect to the claims asserted, and if so, the proper measure of their damages.

**ANSWER TO 22.**      The allegations in paragraph 22 state legal conclusions to which no response is required. To the extent an answer is required, Ignite denies the allegations in paragraph 22, and specifically denies that any of the questions and/or issues listed in subparagraphs (a) through (d) are common to the putative class, and further denies that there are any questions and/or issues of law or fact to the putative class that predominate over individual issues.

23.      Plaintiffs' claims are typical of the claims of Class and Subclass Members because Plaintiffs and all Class Members purchased a defective Contigo® Kids Cleanable Water Bottles under the representation and/or omission that it was fit to perform its stated purpose when, in fact, it was not.

**ANSWER TO 23.**      Ignite denies that allegations in paragraph 23.

24.      Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class Members they seek to represent, they have retained counsel competent and experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of Class Members will be fairly and adequately protected by Plaintiffs and their counsel.

**ANSWER TO 24.**      Ignite denies the allegations in paragraph 24.

25.      The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and Class Members. Each individual Class Member may lack the resources to undergo the burden and expense of individual prosecution in the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment

of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**ANSWER TO 25.** The allegations in paragraph 25 state legal conclusions to which no response is required. To the extent an answer is required, Ignite denies the allegations in paragraph 25 and specifically denies that this action may or should be maintained or properly prosecuted as a class action.

## COUNT I
### (Breach of Implied Warranty of Merchantability)

Given that Count I of the Complaint was dismissed by the Court on February 12, 2020, Ignite makes no answer to paragraphs 26 through 33. To the extent an answer is required, Ignite denies the allegations in paragraphs 26 through 33.

## COUNT II
### (Unjust Enrichment)

34. Plaintiffs repeat the allegations contained in the foregoing paragraphs as if fully set forth herein.

**ANSWER TO 34.** Ignite restates and incorporates by reference its responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

35. Plaintiffs bring this claim individually and on behalf of the members of the Class and Subclass against Defendant.

**ANSWER TO 35.** Ignite admits that Plaintiffs purport to bring this action individually and as a class action, but denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action. To the extent that Plaintiffs' allegations in paragraph 35 are directed to Plaintiffs' New York Subclass, Ignite makes no answer because Plaintiffs' New York Claims in Count II were previously dismissed by the Court on February 12, 2020. Ignite denies all other allegations of paragraph 35.

36.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs and Class Members' purchases of the Products.  Retention of those monies under these circumstances is unjust and inequitable because Defendant failed to disclose that the Products were unfit for use as water bottles.  Defendant's misrepresentations and/or material omissions caused injuries to Plaintiffs and Class Members because they would not have purchased the Products if the true facts were known.

**ANSWER TO 36.**     To the extent that Plaintiffs' allegations in paragraph 36 are directed to Plaintiffs' New York Subclass, Ignite makes no answer because Plaintiffs' New York Claims in Count II were previously dismissed by the Court on February 12, 2020. Ignite denies all other allegations of paragraph 36.

37.     Retention of those monies also is unjust and inequitable because, as alleged above, Defendant commenced an ineffective recall that was calculated to result in few returns and no refunds, thereby protecting profits Defendant collected from selling the defective products.

**ANSWER TO 37.**     To the extent that Plaintiffs' allegations in paragraph 37 are directed to Plaintiffs' New York Subclass, Ignite makes no answer because Plaintiffs' New York Claims in Count II were previously dismissed by the Court on February 12, 2020. Ignite denies all other allegations of paragraph 37.

38.     Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiffs and Class Members is unjust and inequitable, Defendant must pay restitution to Plaintiffs and Class Members for its unjust enrichment, as ordered by the Court.

**ANSWER TO 38.**     To the extent that Plaintiffs' allegations in paragraph 38 are directed to Plaintiffs' New York Subclass, Ignite makes no answer because Plaintiffs' New York Claims in Count II were previously dismissed by the Court on February 12, 2020. Ignite denies all other allegations of paragraph 38.

## <u>COUNT III</u>
**(Violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 PA CONS. STAT. §201-2, *et seq.*)**

39.     Plaintiff Mirza repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

**ANSWER TO 39.**    Ignite restates and incorporates by reference its responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

40.    Plaintiff Mirza brings this Count individually and on behalf of the members of the Class and Pennsylvania Subclass against Defendant.

**ANSWER TO 40.**    Ignite admits that Plaintiffs purport to bring this action individually and as a class action, but denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action. Ignite denies all other allegations of paragraph 40.

41.    Defendant is a "person" pursuant to the terms of Section 201-2(2) of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

**ANSWER TO 41.**    The allegations in paragraph 41 purport to state legal conclusions to which no response is required. To the extent an answer is required, Ignite is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 41, and on that basis, denies those allegations.

42.    The packaging, labeling and display possessed by Plaintiff Mirza and members of the Pennsylvania Subclass constitutes "documentary material" pursuant to the terms of Section 201-2(1) of the UTPCPL.

**ANSWER TO 42.**    The allegations in paragraph 42 state legal conclusions to which no response is required. To the extent an answer is required, Ignite is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 42, and on that basis, denies those allegations.

43.    The Contigo® Kids Cleanable Water Bottles that were ultimately possessed by Plaintiff Mirza and members of the Pennsylvania Subclass were purchased for personal purposes.

**ANSWER TO 43.**    The allegations in paragraph 43 state legal conclusions to which no response is required. To the extent an answer is required, Ignite is without knowledge or

information sufficient to form a belief as to the truth of allegations in paragraph 43, and on that basis, denies those allegations.

44.     Defendant's advertising, offering for sale, sale, or distribution of Contigo® Kids Cleanable Water Bottles constitutes "trade" or "commerce" as defined by Section 201-2(3) of the UTPCPL.

**ANSWER TO 44.**     The allegations in paragraph 44 state legal conclusions to which no response is required. To the extent an answer is required, Ignite is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 44, and on that basis, denies those allegations.

45.     Defendant violated implied warranties in the labeling and displaying of Contigo® Kids Cleanable Water Bottles that were ultimately possessed by Plaintiff Mirza and members of the Pennsylvania Subclass.  Specifically, Defendant's "Contigo Kids" representation on the Products' packaging impliedly warranted that the Products were safe for children to use. Moreover, Defendant also omitted from Plaintiff and members of the Pennsylvania Subclass that the Products were defective and therefore unsafe for children to use.

**ANSWER TO 45.**     To the extent that Plaintiffs' allegations in paragraph 45 are based on a fraudulent omission, Ignite makes no answer because the Court previously dismissed Plaintiffs' fraudulent omission claims on February 12, 2020. Ignite denies all other allegations in paragraph 45.

46.     Defendant's actions at issue in this litigation constitute "unfair methods of competition" and "unfair or deceptive acts or practices" pursuant to Sections 201-2(4)(v), (vii), (xiv) and (xxi) of the UTPCPL.

**ANSWER TO 46.**     Ignite denies the allegations in paragraph 46.

47.     The aforesaid actions of Defendant referenced above constitutes unlawful actions proscribed by Section 201-3 of the UTPCPL.

**ANSWER TO 47.**     Ignite denies the allegations in paragraph 47.

48.     As a direct and proximate cause of the aforementioned unlawful actions and omissions of Defendant, Plaintiff Mirza and members of the Pennsylvania Subclass have suffered economic loss.

**ANSWER TO 48.**     Ignite denies the allegations in paragraph 48.

49.     Pursuant to Section 201-9.2 of the UTPCPL, Plaintiff Mirza and members of the Pennsylvania Subclass are entitled to a judgment in an amount up to three times the actual damages sustained, but not less than one hundred dollars ($100.00), and the Court may provide such additional relief as it deems necessary and proper, including punitive damages.

**ANSWER TO 49.**     Ignite denies the allegations in paragraph 49.

50.     In addition, Plaintiff Mirza is entitled to reimbursement for all reasonable attorneys' fees and costs incurred as a result of bringing this action pursuant to Section 201-9.2 of the UTPCPL.

**ANSWER TO 50.**     Ignite denies the allegations in paragraph 50.

## COUNT IV
### (Violation of New York G.B.L. § 349)

51.     Plaintiff Luchetti repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

**ANSWER TO 51.**     Ignite restates and incorporates by reference its responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

52.     Plaintiff Luchetti brings this claim individually and on behalf of the members of the Class and New York Subclass against Defendant.

**ANSWER TO 52.**     Ignite admits that Plaintiff Luchetti purports to bring this action individually and as a class action, but denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiff Luchetti may be certified, and further denies that any class may or should be certified in this action. Ignite denies all other allegations of paragraph 52.

53.     By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by misrepresenting through its "Contigo Kids" representation on the Products' labeling that its Products were safe for children to use, and also by omitting material facts about the defective and unsafe nature of the Products.

**ANSWER TO 53.**     To the extent that Plaintiffs' allegations in paragraph 53 are based on a fraudulent omission, Ignite makes no answer because the Court previously dismissed

13

Plaintiffs' fraudulent omission claims on February 12, 2020. Ignite denies all other allegations in paragraph 53.

54.     The foregoing deceptive acts and practices were directed at consumers.

**ANSWER TO 54.**     Ignite denies the allegations in paragraph 54.

55.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics of the Products to induce consumers to purchase same.  Moreover, had the omitted information been disclosed, Plaintiff Luchetti would have been aware of it and not purchased the Product.

**ANSWER TO 55.**     Ignite denies the allegations in paragraph 55.

56.     Plaintiff Luchetti and New York Subclass members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased the Products on the same terms if the true facts concerning their defective nature and that they are unsafe for children to use had been known; (b) the Products did not perform as promised, and (c) they overpaid for the Products because they were sold a price premium on account of the misrepresentations and/or omissions.  As a result, Plaintiff Luchetti and members of the New York Subclass have been damaged either in the full amount of the purchase price of the Products or in the difference in value between the Products as warranted and the Products as actually sold.

**ANSWER TO 56.**     Ignite denies the allegations in paragraph 56.

57.     On behalf of herself and other members of the New York Subclass, Plaintiff Luchetti seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

**ANSWER TO 57.**     Ignite admits that Plaintiff Luchetti purports to seek injunctive relief, monetary damages, and attorneys' fees in the Complaint, but Ignite denies that Plaintiff Luchetti has suffered any cognizable injury and denies that Plaintiff Luchetti and the putative New York Subclass are entitled to the requested relief or any other relief.

## COUNT V
### (Violation of New York GBL § 350)

58.     Plaintiff Luchetti repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

**ANSWER TO 58.** Ignite restates and incorporates by reference its responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

59. Plaintiff Luchetti brings this claim individually and on behalf of the members of the Class and New York Subclass against Defendant.

**ANSWER TO 59.** Ignite admits that Plaintiff Luchetti purports to bring this action individually and as a class action, but denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiff Luchetti may be certified, and further denies that any class may or should be certified in this action. Ignite denies all other allegations of paragraph 59.

60. Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting the nature of the Products. Specifically, Defendant's "Contigo Kids" representation on the Products' packaging misrepresents that the Products are safe for children to use, when in fact they are not.

**ANSWER TO 60.** Ignite denies the allegations in paragraph 60.

61. The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances. Indeed, prior to purchase, Ms. Luchetti read the "Contigo Kids" representation on the Product's packaging, relied on this material representation, and understood it to mean that the Product was safe for children to use.

**ANSWER TO 61.** Ignite denies the allegations in paragraph 61.

62. This misrepresentation has resulted in consumer injury or harm to the public interest.

**ANSWER TO 62.** Ignite denies the allegations in paragraph 62.

63. Plaintiff and New York Subclass members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased the Products on the same terms if the true facts concerning their defective nature and that they are unsafe for children to use had been known; (b) the Products did not perform as promised, and (c) they overpaid for the Products because they were sold a price premium on account of the misrepresentations on the Products' packaging. As a result, Plaintiff Luchetti and members of the New York Subclass have been damaged either in the full amount of the purchase price of the Products or in the difference in value between the Products as warranted and the Products as actually sold.

**ANSWER TO 63.** Ignite denies the allegations in paragraph 63.

64.     On behalf of herself and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or five hundred dollars per violation, whichever is greater, three times actual damages and reasonable attorneys' fees.

**ANSWER TO 64.**     Ignite admits that Plaintiff Luchetti purports to seek injunctive relief, monetary damages, and attorneys' fees in the Complaint, but Ignite denies that Plaintiff Luchetti has suffered any cognizable injury and denies that Plaintiff Luchetti and the putative New York Subclass are entitled to the requested relief or any other relief.

## PRAYER FOR RELIEF

Ignite denies that Plaintiffs are entitled to the relief requested in subparagraphs (a) through (g) or any other relief based on the allegations set forth in the Complaint.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct, and without admitting that Plaintiffs or the alleged class or subclasses suffered any loss, damage, or injury, Ignite asserts the following affirmative defenses to the Complaint. By designating the following affirmative defenses, Ignite does not in any way waive or limit any defenses that are or may be raised by its denials, allegations, or averments set forth herein. Ignite also does not, by alleging any affirmative defense, concede that Plaintiffs or the alleged class or subclasses are relieved of their burden of proof for any and all facts to prevail on any of their claims. These defenses are pleaded in the alternative or raised to preserve Ignite' rights to assert such defenses and are without prejudice to its ability to raise other or further defenses as may be established during discovery and by the evidence produced in this case.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs and/or members of the putative class lack standing to bring any or all of the claims alleged in the Complaint because they have not sustained a concrete injury-in-fact.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims and those of the putative class are barred to the extent they have failed to mitigate their damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class are not entitled to the relief they seek in this lawsuit because they have an adequate remedy available to them by virtue of the remedy provided through Ignite's recall of the Products.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and those of the putative class are barred by the terms of the applicable warranties and all associated disclaimers, including Plaintiffs' or the putative class members' failure to comply with such terms.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and those of the putative class are barred to the extent the injury they allegedly sustained was caused by their misuse of the product and/or their own negligent conduct.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs state law claims are preempted by federal law to the extent they seek to obtain remedies that exceed the scope of the remedies prescribed by the Consumer Product Safety Act and corresponding regulations.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and those of the putative class are barred to the extent they are moot.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class are barred, in whole or in part, by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim sufficient to merit an award of punitive, exemplary, or treble damages and fails to allege facts sufficient to justify any award of such damages against Ignite.

## TWELFTH AFFIRMATIVE DEFENSE

The claims made by Plaintiffs and the putative class are barred, in whole or in part, to the extent that they seek to deprive Ignite of procedural and substantive safeguards, including but not limited to traditional defenses to liability, in violation of the due process clause of the United States Constitution and the analogous provisions of any applicable state constitutions.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims of plaintiffs and the putative class are barred, in whole or in part, by the doctrines of laches, res judicata, or collateral estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative class are not entitled to relief on their claims, in whole or in part, because Plaintiffs and the putative class have not suffered an ascertainable loss.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims and the claims of any putative class members seek relief, in whole or in part, for actions outside the applicable statutes of limitation, such claims are barred as a matter of law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Ignite reserve the right to raise such additional affirmative defense as may be established during discovery and by evidence in the case.

**WHEREFORE,** Ignite prays for judgment as follows:

1. That Plaintiffs and the putative class take nothing;

2. That the Court enter judgment in favor of Ignite on each cause of action alleged against it in the Complaint;

3. That Ignite be awarded its costs, expenses, and reasonable attorneys' fees; and

4. That the Court grant Ignite all further legal and equitable relief that it deems just and proper.

## JURY TRIAL DEMANDED

Ignite hereby demands a trial by jury on all claims so triable.

Dated:  February 26, 2020          Respectfully submitted,


                    /s/*Jeffrey M. Heckendorn*
                    Joseph J. Krasovec III
                    Steven E. Swaney (*pro hac vice*)
                    Jeffrey M. Heckendorn
                    SCHIFF HARDIN LLP
                    233 South Wacker Drive
                    Suite 7100
                    Chicago, IL 60606
                    Tel: (312) 258-5500
                    Fax: (312) 258-5600
                    jkrasovec@schiffhardin.com
                    sswaney@schiffhardin.com
                    mheckendorn@schiffhardin.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 26, 2020 I filed on the CM/ECF system the foregoing, and thereby served such filing via the Court's ECF Notification system to all attorneys of record in this matter.


<u>/s/ *Jeffrey M. Heckendorn*</u>